UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER H. HYATT,<br><br>*Appellant,*<br><br>*v.*<br><br>INTERNAL REVENUE SERVICE,<br><br>*Appellee.* | No. 1:21-cv-01041-KAM |

**RESPONSE TO APPELLANT ALEXANDER H. HYATT'S MOTION FOR STAY PENDING APPEAL (ECF No. 3)**

Appellee, the Internal Revenue Service (the "IRS"), submits the following response to Appellant Alexander H. Hyatt's motion fora stay pending appeal, ECF No. 3. Mr. Hyatt's "Notice of Motion" cites "Rule 8 of the Federal Rules of Appellate Procedure," which addresses a stay or injunction pending an appeal to a circuit court of appeals. The applicable rule is Rule 8007 of the Federal Rules of Bankruptcy Procedure.

The motion appears geared not toward the only issue in this appeal—the correctness of the Bankruptcy Court's decision to dismiss the adversary proceeding regarding the federal tax liens and claim of the IRS—but rather toward his separately docketed appeals from other orders issued by the Bankruptcy Court in his underlying Chapter 7 bankruptcy proceeding regarding his failure to cooperate with the Trustee and the Bankruptcy Court's orders regarding property of the bankruptcy estate (cash and his home). But even if Mr. Hyatt's motion were germane to this appeal, the motion fails to establish his entitlement to a stay. The motion should accordingly be denied.[1]

[1] For reasons indicated below, the United States also supports the denial of a stay or injunction in the other appeals that the Trustee will presumably be defending.

**BACKGROUND**

This appeal stems from the Bankruptcy Court's order (1) granting the IRS's motion to dismiss Mr. Hyatt's adversary proceeding, *Hyatt v. Internal Revenue Service*, Dkt. No. 20-ap-01010 (Bankr. E.D.N.Y.), which challenged the validity and extent of the IRS's federal tax liens; and (2) overruling Mr. Hyatt's objection to a proof of claim filed by the IRS in the underlying Chapter 7 bankruptcy proceeding, *In re Hyatt*, Dkt. No. 19-bk-46250 (Bankr. E.D.N.Y.). That written order memorialized a decision which the Bankruptcy Court read into the record during a January 20, 2021 hearing on the IRS's motion to dismiss. As pertinent here, the Bankruptcy Court's written decision included a statement that Mr. Hyatt's arguments were "frivolous" to the extent they objected to the IRS's proof of claim. (ECF No. 2, at PageID.89.)

Mr. Hyatt has separately appealed certain orders issued by the Bankruptcy Court in his Chapter 7 bankruptcy proceeding. Those appeals respectively concern the Bankruptcy Court's October 5, 2020 order holding Mr. Hyatt in contempt for failing to turn over $17,000 in cash to the Trustee, and its January 22, 2021 order directing Mr. Hyatt to cooperate with the Trustee's efforts to have Mr. Hyatt's real property appraised for sale.[2] Mr. Hyatt has likewise separately appealed the Bankruptcy Court's dismissal of an adversary proceeding he commenced against Wilmington Savings Fund Society, FSB ("Wilmington") and Selene Finance, LP ("Selene"), *Hyatt v. Wilmington Savings Fund Society, FSB et al.*, Dkt. No. 20-ap-01024 (Bankr. E.D.N.Y.), in which he objected to a proof of claim filed by those entities, accused them of perpetrating fraud against him, and sought to have them criminally sanctioned.

[2] Notably, on April 30, 2021, the Bankruptcy Court issued an additional order holding Mr. Hyatt in contempt for failing to adhere to its January 2021 order directing him to cooperate with the Trustee, subject to the proviso that Mr. Hyatt may purge his contempt by cooperating with the Trustee within 30 days of the second order.

Mr. Hyatt filed identical motions for a stay or injunction in each of his appeals. The motions seek an order "granting injunctive relief to [Mr. Hyatt] with respect to any . . . attempts to seize, distribute or control any property in the possession of [Mr. Hyatt] pursuant to any Order or Decision made by the lower court[.]" (ECF No. 3, at PageID.135.) While sometimes referring to an "injunction," the motions in substance seek to stay orders of the Bankruptcy Court and, more broadly, to stay the bankruptcy case. In support of that request, Mr. Hyatt reiterates certain allegations he previously made in his adversary complaint against Wilmington and Selene, contends that the Trustee "is seeking to liquidate [his] assets to pay ostensibly fraudulent debts[,]" asserts that "[t]he lower bankruptcy decisions basically 'kicked the can down the road' for this court to address," and argues that "[i]t would only be fair and proper for this court to issue a stay until the rights and duties of all parties have been fully explored and justly resolved." (ECF No. 3, at PageID.137-39.)

**ARGUMENT**

Mr. Hyatt's motion asks this Court to stay his Chapter 7 bankruptcy proceeding, in its entirety, during the pendency of this appeal. In particular, he asks that the Court enjoin the Bankruptcy Court from issuing orders impacting the property of his bankruptcy estate. The only issue for decision in this appeal, however, is whether the Bankruptcy Court properly granted the IRS's motion to dismiss his adversary proceeding. Mr. Hyatt's motion does not appear to have any bearing upon that question, and it should be dismissed on that basis alone. Even if that were not the case, Mr. Hyatt's motion does not satisfy the four-factor test to establish his entitlement to a stay of the Bankruptcy Court's order dismissing his adversary proceeding.

The Federal Rules of Bankruptcy Procedure permit a party to make a motion in the district court seeking, *inter alia*, "a stay of a judgment, order, or decree of the bankruptcy court

pending appeal[.]" Fed. R. Bankr. P. 8007(a)(1)(A) and (b)(1). Ordinarily, a party must first seek the stay in the bankruptcy court or establish (1) that doing so "would be impracticable" or (2) that the bankruptcy has either denied its motion or has not yet ruled upon it. *See* Fed. R. Bankr. P. 8007(b)(2). Mr. Hyatt has not done so here. However, the Bankruptcy Court stated on the record during a hearing on the IRS's motion to dismiss Mr. Hyatt's adversary proceeding that "there is not a basis for [the Bankruptcy Court] to give [Mr. Hyatt] a stay, because, again, you don't have any likelihood to succeed on the merits, I've so ruled." (ECF No. 2, at Page.ID 91-92.)

The decision to grant or deny such a stay is within the discretion of the district court, *29 Brooklyn, LLC v. Chelsey*, 2015 WL 9255549, at *2 (E.D.N.Y. Dec. 16, 2015), and involves the application of a four-factor test, *In re Taub*, 470 B.R. 273, 277 (E.D.N.Y. 2012); *accord In re Giambrone*, 600 B.R. 207, 212 (Bankr. E.D.N.Y. 2019). The district court must consider "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *Chelsey*, 2015 WL 9255549 at *2 (quoting *In re Albicocco*, 2006 WL 2620464, at *1 (E.D.N.Y. Sept. 13, 2006)) (internal quotation marks omitted). "[T]he movant bears the burden of proving that a stay should be granted, and stays pending an appeal are only granted in limited circumstances." *In re Taub*, 470 B.R. at 277 (quoting *In re Smith*, 2009 WL 366577, at *2 (E.D.N.Y. Feb. 12, 2009)).

First, Mr. Hyatt has not shown that he will suffer irreparable injury absent a stay of the Bankruptcy Court's order dismissing his adversary proceeding, much less established that the alleged injury is "neither remote nor speculative, but actual and imminent." *In re Sabine Oil &*

*Gas Co.*, 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016) (quoting *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 347 (S.D.N.Y. 2007)). Instead, Mr. Hyatt's motion rehashes unsuccessful arguments he made before the Bankruptcy Court and asserts that a stay is necessary for the "rights and duties" of the parties to be "fully explored and justly resolved." That is not a basis to stay the Bankruptcy Court's order dismissing his adversary proceeding—an order which, notably, did *not* address any purported efforts "to seize, distribute or control" Mr. Hyatt's property, but rather rejected his meritless challenge to the IRS's tax liens and associated proof of claim.

Second, the IRS—and not Mr. Hyatt—will continue to suffer injury if Mr. Hyatt is able to secure further delays in this IRS-related matter or in the appeals from the orders of contempt for failing to turn over cash or allow the Trustee's appraiser entry to the real property that the Trustee has the right to sell under 11 U.S.C. § 363. For instance, the Bankruptcy Court's October 5, 2020 contempt order sanctioning Mr. Hyatt for ignoring its instructions to turn over $17,000 in cash to the Trustee (and, indeed, for spending down nearly $7,000 of that sum) resulted in the Bankruptcy Court ordering a corresponding diminishment of Mr. Hyatt's homestead exemption and leaving the door open for further sanctions if Mr. Hyatt did not immediately relinquish the balance. To date, Mr. Hyatt still has not turned over any of the $17,000 sum. Because the IRS claims a lien against Mr. Hyatt's homestead exemption interest, *see* 11 U.S.C. § 522(c)(2), such conduct imperils the IRS's recovery of its taxes from that interest by frustrating the sale of the property. Given Mr. Hyatt's pattern of behavior, it is not at all clear that Mr. Hyatt will refrain from further diminishing his homestead exemption or creating other damages (*e.g.*, by failing to pay his property taxes or make mortgage payments). Similarly, the IRS stands to be harmed by Mr. Hyatt's dissipation of the cash that should have been delivered

to the Trustee under well-established law. The IRS has a claim against the bankruptcy estate that may not be fully satisfied from a sale of the real property.

Third, Mr. Hyatt has failed to demonstrate "a substantial possibility . . . of success" in this appeal (or the other appeals). Significantly, the Bankruptcy Court's decision included its determination that Mr. Hyatt's arguments were "frivolous[,]" and, during the hearing in which that decision was read into the record, the Bankruptcy Court pointedly declined to entertain the possibility of granting Mr. Hyatt a stay, noting that Mr. Hyatt did not "have any likelihood to succeed on the merits" and that he did not "have any basis for objecting to [the IRS's] proof of claim." (ECF No. 2, at Page.ID 89, 91-93.) Mr. Hyatt's motion does not fault these determinations; rather, he accuses the Bankruptcy Court of "kick[ing] the can down the road" and appears to assume that this Court will simply excuse him from his obligation to establish his entitlement to a stay. This is insufficient to satisfy Mr. Hyatt's burden to demonstrate a substantial possibility of success in this appeal—a requirement which, significantly, is "intended to eliminate frivolous appeals." *In re Koper*, 560 B.R. 68, 75 (Bankr. E.D.N.Y. 2016).

The fourth and final factor for this Court to consider in evaluating Mr. Hyatt's motion is the extent to which there are "public interests that may be affected." Mr. Hyatt's motion does not address this factor. Notable in this context, however, is Mr. Hyatt's track record of commencing frivolous proceedings in the federal courts. *See, e.g.*, *Hyatt v. Metropolitan Transportation Authority*, 2008 WL 11409955, at *3 (E.D.N.Y. 2008) (describing Mr. Hyatt's complaint as "frivolous under any definition"), *aff'd*, 370 F. App'x 153 (2d Cir. 2010); *Hyatt v. Commissioner*, Tax Ct. Dkt. No. 7221-07L (Apr. 24, 2008) (imposing $5,000 sanction under 26 U.S.C. § 6673(a) for asserting "nothing but frivolous and groundless arguments"); *Hyatt v. Commissioner*, Tax Ct. Dkt. No. 26157-08 (Apr. 17, 2009) (imposing $7,500 sanction); *Hyatt v.*

*Commissioner*, Tax Ct. Dkt. No. 8771-08L (June 22, 2009) (imposing $10,000 sanction); *Hyatt v. Commissioner*, Tax Ct. Dkt. No. 22711-09L (Oct. 28, 2010) (imposing maximum sanction allowed by § 6673(a) of $25,000); *Hyatt v. Commissioner*, Tax Ct. Dkt. No. 17872-18L (Sept. 4, 2019) (imposing $25,000 sanction). The Bankruptcy Court likewise concluded that the arguments Mr. Hyatt mustered in favor of his objection to the IRS's proof of claim were frivolous. Mr. Hyatt's motion in this appeal is more of the same. To the extent the public's interests are implicated here, the United States submits that they militate against further delay to this Court, the Bankruptcy Court, and the parties. *See In re Magnale Farms, LLC*, 2018 WL 1664849, at *7 (Bankr. N.D.N.Y. Apr. 3, 2018) (observing, in the context of the 'public interest' factor, that "[p]ublic policy favors both judicial economy, particularly in bankruptcy proceedings, and finality in litigation").

In sum, Mr. Hyatt has neither established that his motion is germane to this appeal, nor has he demonstrated his entitlement to the "extraordinary relief" of a stay pursuant to Fed. R. Bankr. P. 8007(b), *see In re 461 7th Avenue Market, Inc.*, 623 B.R. 681, 691 (S.D.N.Y. 2020), even if it were. The motion should therefore be denied.

## CONCLUSION

For the foregoing reasons, Mr. Hyatt's motion for a stay or injunction pending appeal should be denied as to this appeal (and the United States submits his motion should similarly be denied as to his other appeals).

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Noah D. Glover-Ettrich*
NOAH D. GLOVER-ETTRICH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044-0055
(202) 514-9838 (v)
(202) 514-5238 (f)
Noah.D.Glover-Ettrich@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered participants, and caused a copy of the same to be served *via* United States mail to the following:

Alexander H. Hyatt
601 East 19th Street, Apt. 4L
Brooklyn, NY 11226

*Pro Se* Debtor/Plaintiff

*s/ Noah D. Glover-Ettrich*
Noah D. Glover-Ettrich
Trial Attorney, Tax Division
U.S. Department of Justice